PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA KISSEL, an individual, | Case No. 2:16-cv-8435 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.** |
| v. | |
| 2929 ENTERTAINMENT, LP, a Delaware limited partnership; LANDMARK THEATRE CORPORATION, a corporation; and DOES 1 – 10, inclusive, | |
| Defendants. | |

Plaintiff Victoria Kissel ("Plaintiff") complains and alleges as follows:

## I. INTRODUCTION & OVERVIEW OF CLAIMS

1. Plaintiff brings this action to redress the unlawful commercial practices employed by Defendant 2929 Entertainment, LP, a Delaware limited partnership, through its subsidiary, Landmark Theatre Corporation, (hereinafter, collectively, "Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cell phone, via text messages, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and thereby invading Plaintiff's privacy. Specifically, Defendant has repeatedly sent commercial text messages to Plaintiff despite an express demand that Defendant stop doing so; indeed, the unwanted texts continue unabated to this day. As detailed herein, this conduct amounts to a clear, ongoing, and unequivocal violation of the TCPA. Accordingly, Defendant is liable to Plaintiff for substantial monetary penalties.

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. (47 U.S.C. § 227(b); *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 745-753 (2012).)

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because, Defendant does business in this District; because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and because Plaintiff is a resident of Los Angeles County, California, which falls within the Central District of California.

## III. PARTIES

4. Plaintiff Victoria Kissel is an individual adult resident and citizen of Los Angeles County, California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant 2929 Entertainment, LP, is a Delaware limited partnership with its principal place of business located at 3008 Taylor Street, Dallas, Texas 75226, with

other offices located in Los Angeles County, California. Plaintiff is further informed and believes, and upon such information and belief alleges, that Landmark Theatre Corporation is a corporation that is a subsidiary of 2929 Entertainment, LP, with its principal place of business located at 2222 S. Barrington Avenue, Los Angeles, California 90064. (2929 Entertainment, LP, and Landmark Theatre Corporation are referred to hereinafter collectively as "Defendant.") Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant is a "person" as defined by 47 U.S.C. § 153(38), and that Defendant, at all times relevant, conducted business in the State of California and in Los Angeles County, within the Central District of California.

6. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (29 Entertainment, LP, Landmark Theatre Corporation and DOE Defendants will hereafter collectively be referred to as "Defendant").

## IV. FACTUAL BACKGROUND

### A. Background of the TCPA

8. The purpose of the TCPA is to protect consumers from unwanted calls and text messages like those received by Plaintiff from Defendant. Indeed: "Voluminous consumer complaints about abuses of telephone technology—for example,

computerized calls dispatched to private homes—prompted Congress to pass the TCPA. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." (*Mims, supra,* 132 S.Ct. at 744.) In enacting the TCPA, Congress found that "banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." (TCPA, Pub.L No. 102-243, § 11.)

9. The courts and the Federal Communications Commission ("FCC") have interpreted the TCPA to include unwanted text messages within its prohibitions. (*See Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950-954 (9th Cir. 2009); *Kristensen v. Credit Payment Services,* 12 F.Supp.3d 1292, 1300 (D. Nev. 2014).) In its Declaratory Ruling and Order issued on July 10, 2015, the FCC clarified that telephone calls and text messages have the same protections under FCC rules, and that text messages are "calls" for purposes of the TCPA. (Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; American Association of Healthcare Administrative Management, Petition for Expedited Declaratory Ruling and Exemption; et al, Federal Communications Commission, 30 FCC Rcd. 7961, 8016-8022 (July 10, 2015).)

10. In the same ruling and order, the FCC clarified how a consumer may revoke consent to continue to receive calls, including text messages. (*Id.,* 30 FCC Rcd. at 7993-7999.) The FCC ruled that "[c]onsumers have a right to revoke consent, using ***any reasonable method including orally or in writing.***" (*Id.,* 30 FCC Rcd. at 7996; emphasis added.) In this connection, the FCC determined that "callers," including Defendant here, "may not control consumers' ability to revoke consent" by "designat[ing] the exclusive means by which consumers must revoke consent." (*Id.*)

/ / /

11. The elements of a cause of action under TCPA are "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." (*Mendez v. C-Two Group, Inc.,* 2015 WL 8477487, at *7 (N.D. Cal. Dec. 10, 2015) (quoting *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012)).)

12. A consumer may recover $500 in statutory damages for each violation of TCPA, and $1500 for violations that are proved to be willful. (*See* 47 U.S.C. § 227(b)(3), (c)(5)(B); *Bayat v. Bank of the West,* 2015 WL 1744342, at *2 (N.D. Cal. Apr. 15, 2015); *Kristensen, supra,* 12 F.Supp.3d at 1308; *Lary v. Trinity Physician Financial & Insurance Services,* 780 F.3d 1101, 1106-1107 (11th Cir. 2015) (treble damages available with showing that defendant knew of violation of TCPA).)

13. Additionally, a successful plaintiff is also entitled to recover reasonable attorney's fees. (*See Bayat,* supra, 2015 WL 1744342, at *8-*10 (award of substantial attorneys' fees in TCPA class settlement).)

**B.     Facts of Plaintiff's Claims Against Defendant**

14. Earlier this year, Plaintiff consented to receive automated commercial text messages from Defendant. Defendant placed these text messages using an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. § 227(a)(1). This ATDS has the capacity to store or produce telephone numbers to be called, including Plaintiff's, using a random or sequential number generator.

15. Later, Plaintiff withdrew consent to receive further commercial texts and notified Defendant to stop sending her commercial text messages – multiple times.

16. Notwithstanding Plaintiff's unequivocal demand that such text messages cease, Defendant knowingly and willfully continued to send those messages to Plaintiff, and has continued to do so, unabated, to the present day.

17. The text messages sent to Plaintiff by Defendant were not initiated for emergency purposes or made solely pursuant to the collection of a debt guaranteed by

the United States, or otherwise exempted by rule or order of the FCC, as set forth in 47 U.S.C. § 227(b)(1)(B).

18. These texts violated 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B).

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.

### (Against All Defendants)

19. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

20. The foregoing acts and omissions of Defendants constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

21. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

22. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

23. Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, et seq.

### (Against All Defendants)

24. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

25. As noted above, Defendant continued to send text messages to Plaintiff despite multiple demands to stop. These acts constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

- 5 -
COMPLAINT

26. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

27. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

28. Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

**On the First Cause of Action**

A. Based on Defendants' negligent violations of the TCPA as set forth herein, an award of $500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

C. Reasonable attorneys' fees and costs; and

D. Such other and further relief as this Court may deem appropriate.

**On the Second Cause of Action**

E. Based on Defendants' knowing and/or willful violations of the TCPA as set forth herein, an award of up to $1500 in statutory violations for each violation of the TCPA set forth herein, pursuant to 47 U.S.C. § 227(b)(3)(C);

F. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

G. Reasonable attorneys' fees and costs; and

H. Such other and further relief as this Court may deem appropriate.

Dated: November 14, 2016         PACIFIC TRIAL ATTORNEYS, APC

                                 By: */s/ Scott J. Ferrell*
                                 Scott. J. Ferrell
                                 Attorneys for Plaintiff